**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION** 2010 MAY 12 AM 9: 46

CLERK _____
SO. DIST. OF GA.

CLYDE EDINBOROUGH,                    :
                                      :
            Petitioner,               :
                                      :
      vs.                             :      CIVIL ACTION NO.: CV210-026
                                      :
ANTHONY HAYNES, Warden,               :
                                      :
            Respondent.               :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Clyde Edinborough ("Edinborough"), an inmate currently confined at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Edinborough filed a Traverse. For the reasons which follow, Petitioner's petition should be **DISMISSED** in part and **DENIED** in part.

## STATEMENT OF THE CASE

Edinborough was sentenced to ten years' imprisonment in the District Court for the District of the Virgin Islands after being convicted of violations of 21 U.S.C. §§ 841(a)(1), 841 (b)(A)(ii) (possession with the intent to distribute cocaine) and 18 U.S.C. § 2 (aiding and abetting). In the instant petition, Edinborough asserts that Respondent has violated the Federal Bureau of Prison ("BOP") policy of non-discrimination towards inmates, and has improperly used the Inmate Financial Responsibility Program ("IFRP") as a basis to deny him placement in Federal Prison Camp. Respondent asserts that this court has no jurisdiction over Edinborough's claims that he should be eligible for

prison camp placement, that Edinborough has no constitutional right to be incarcerated in a particular facility, and that Edinborough's custody classification form was adjusted in accordance with BOP policy.

## DISCUSSION AND CITATION TO AUTHORITY

### I.    Civil Rights Claim

Courts should look beyond the terminology used in a pleading to its actual content before deciding the true nature of that pleading.    See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982).    A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement.    As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."    Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court.    Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim.    Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).    In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being discriminated against, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

Edinborough filed this cause of action pursuant to 28 U.S.C. § 2241. (Doc. No. 1, p. 1). Edinborough asserts that he "is being discriminated against as a 'class of one.'" Id. at p. 3. The true nature of this portion of Edinborough's petition appears to be based upon alleged civil rights violations. See Fernandez-Roque, 671 F.2d at 429. As such, these contentions properly lie within the purview of 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which authorize an inmate to bring claims for a violation of his constitutional rights by a federal actor. Edinborough stated in his traverse that he has filed a civil claim addressing this issue. (Doc. No. 7, p. 4). This portion of Edinborough's claim should be **DISMISSED**.

## II. Liberty Interest in Transfer

Edinborough asserts that in failing to transfer him, Respondent has failed to follow BOP Policy Statement 5380.08(d). Respondent contends Edinborough has no liberty interest in being housed at a particular facility or region, and that Edinborough's custody classification was adjusted in accordance with BOP policy. Respondent avers the BOP has discretion to determine where and under what conditions a federal prisoner is housed.

Prisoners do not have a constitutionally protected right to be transferred to a particular penal institution. See McKune v. Lile, 536 U.S. 24, 39 (2002). Great deference must be given to the prison officials' administrative determination that an inmate is ineligible to be transferred. Turner v. Safley, 482 U.S. 78, 89 (1987). In his traverse, Edinborough asserts that in failing to transfer him, Respondent has failed to follow BOP Policy Statement 5380.08(d), which states:

Effects of Non-participation. Refusal by an inmate to participate in the financial responsibility program or to comply with the provisions of his financial plan ordinarily shall result in the following: (1) Where applicable, the Parole Commission will be notified of the inmate's failure to participate; (2) The inmate will not receive any furlough (other than possibly an emergency or medical furlough);

This restriction does not apply to inmates requiring medical furloughs and inmates with "OUT" or "COM" custody who are transferring from one institution to a minimum security level institution via an unescorted transfer.

(Doc. No. 7, p. 6). Edinborough fails to state how Respondent failed to follow PS 5380.08. Edinborough does not allege that he required a medical furlough or that he had "OUT" or "COM" custody levels. Decisions regarding a petitioner's security classification are a discretionary function of the BOP, see Cohen v. United States, 151 F.3d 1338, 1343 (11th. Cir. 1998), and the record shows that the BOP properly followed its policies and procedures. This portion of Edinborough's claim should be **DENIED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED** with respect to his request for Federal Prison Camp placement, and that his civil rights claim be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED, this 12th day of May, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE